UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

RYAN STEPHENSON,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 3, 2020
```

19-CV-10652 (KMW)

98-CR-637 (KMW)

**ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)**

KIMBA M. WOOD, United States District Judge:

    WHEREAS Ryan Stephenson has petitioned for a writ of error *coram nobis* on the ground of ineffective assistance of counsel (the "Petition"); and

    WHEREAS the Government, after reviewing the Petition, has concluded that the testimony of Petitioner's trial counsel, George Goltzer, and Petitioner's immigration counsel, Stacy Lam, may be needed in order to fully develop the record in this matter; and

    WHEREAS the Court, after reviewing the Petition, is satisfied that the testimony of Mr. Goltzer is needed in order to fully develop the record as to whether (1) Mr. Goltzer affirmatively misled Petitioner as to the immigration consequences of his plea and (2) whether Petitioner placed paramount emphasis on the immigration consequences of his plea; and

    WHEREAS the Court, after reviewing the Petition, is satisfied that the testimony of Ms. Lam is needed in order to fully develop the record as to whether the Petition is timely[1];

---

[1] The Government also requests an opportunity to examine Ms. Lam "in order to develop the record as to (1) whether Stephenson was in fact affirmatively misadvised as to the immigration consequences of his plea, and (2) whether Stephenson made clear to his lawyer that concerns about his immigration status were paramount in his plea negotiations." (ECF No. 16 at 14.) Because Petitioner's claim does not rely upon his communications with Ms. Lam on these subjects, Petitioner's communications with Ms. Lam on these subjects remain protected by the attorney-client privilege. *See In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (In order to impliedly waive attorney-client privilege, "a party must rely on privileged advice from his counsel to make his claim or defense.").

WHEREAS Petitioner has waived the attorney-client privilege as a matter of law with respect to his communications with Mr. Goltzer by alleging Mr. Goltzer's ineffectiveness, and with respect to his communications with Ms. Lam by alleging Ms. Lam's ignorance of the availability of *coram nobis* relief as an excuse for his delay in seeking *coram nobis* relief; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit attorneys from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g., ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*.

IT IS HEREBY ORDERED that Mr. Goltzer shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel in the Petition; and

ORDERED that Ms. Lam shall give sworn testimony, in the form of an affidavit, addressing the allegation in the Petition that she did not learn that Petitioner could seek a writ of error *coram nobis* until 2019; and

ORDERED that the Government shall file Mr. Goltzer's and Ms. Lam's affidavits no later than August 4, 2020; and

ORDERED that Ryan Stephenson execute and return to this Court by August 3, 2020 the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form, or, file a letter by the same date stating the basis for not returning the document.   The failure to return the document or to file a letter may be grounds for dismissing the Petition.

SO ORDERED.

Dated: New York, New York
       July 3, 2020                                             /s/ Kimba M. Wood
                                                            KIMBA M. WOOD
                                                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

RYAN STEPHENSON,

                              Petitioner,                    19-CV-10652 (KMW)

                                                                                98-CR-637 (KMW)

          -against-                                        **ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)**

UNITED STATES OF AMERICA,

                              Respondent.

---------------------------------------------------------X

To: Ryan Stephenson

You have petitioned for a writ of error *coram nobis* on the ground that you received ineffective assistance from your former lawyer, George Goltzer. In your petition, you state that your immigration lawyer, Stacy Lam, was unaware of the availability of *coram nobis* relief until 2019. The court has reviewed your papers and determined that it needs to have sworn testimonial statements from Mr. Goltzer and Ms. Lam in order to evaluate your petition.

By filing this petition, you have waived your attorney-client privilege with Mr. Goltzer and Ms. Lam to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and Mr. Goltzer or Ms. Lam a secret—you must allow them to be disclosed to the Government and to the Court pursuant to a court order. The court has already issued an Order (copy attached) ordering Mr. Goltzer and Ms. Lam to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your petition for a writ of error *coram nobis* on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court, keeping a copy for your records. The form constitutes your authorization to Mr. Goltzer to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your petition. It also constitutes your authorization to Ms. Lam to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the timeliness of your petition.

You should know that if you sign this authorization, you run the risk that Mr. Goltzer or Ms. Lam will contradict your statements about their communications with you. However, you should also know that the court may dismiss your petition if you do not authorize Mr. Goltzer and Ms. Lam to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, by August 3, 2020, or submit a letter, by

the same date, stating your reason for not returning this form.   If the Court does not receive this form, signed by you and notarized, or a letter stating your reason for not returning this form, within that time, the court may dismiss your petition.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated July 3, 2020 and this document headed Attorney-Client Privilege Waiver (Informed Consent).   I hereby authorize my former trial counsel, George Goltzer, and my immigration counsel, Stacy Lam, to comply with the Court's Order by giving testimony in the form ordered by the court, relating to my petition for a writ of error *coram nobis* on the ground of ineffective assistance of counsel.   My authorization allows Mr. Goltzer to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my petition.   My authorization allows Ms. Lam to testify only pursuant to a court order, and only to the extent necessary to shed light on the timeliness of my petition.

Dated: _____

_____

Sworn to before me this ____ day of _____, 20___

_____

Notary Public